IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Co., | ) | |
| | ) | Civil No. 2:11-CV-0611-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| The Retreat at Edisto, LLC; W. Mark Steedley; The Retreat at Edisto Co-Owners Association, Inc.; Gerald Bachelor; Lisa Bachelor; James Currell; Rose Marie Currell; Jervey McKelvey; Barry K. Smith; Joseph Zuyus; and Emily Zuyus, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on identical motions to dismiss filed by defendants The Retreat at Edisto, LLC ("The Retreat") and W. Mark Steedley ("Steedley") on May 18, 2011, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff initiated this case by filing a federal declaratory judgment action, in which plaintiff asks the court to determine whether coverage exists under commercial general liability (CGL) policies issued to defendants The Retreat and The Retreat at Edisto Co-Owners Association, Inc. ("Association").[1] Defendants The Retreat and Steedley filed motions to dismiss, claiming that plaintiff's declaratory judgment action is barred by collateral estoppel. Alternatively, they argue that the case is not ripe for consideration because of an underlying case pending in Colleton County, South Carolina. Plaintiff filed a response in opposition. On

---

[1] Steedley and the other individually-named defendants also qualify as insureds under the policy.

July 5, 2011, this court held a hearing and issued an oral order granting defendants' motions. The court now issues this written order.

Having thoroughly considered the parties' written and oral submissions, the court denies defendants' motion to dismiss on the asserted grounds of collateral estoppel and ripeness; however, relying on the discretionary power given to district courts by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the factors enunciated in Nautilus Insurance Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir.1994), rev'd on other grounds, Wilton v. Seven Falls Co., 515 U.S. 277 (1995), the court declines to declare the parties rights and grants defendants' motion to dismiss.

"The Federal Declaratory Judgment Act provides that district courts '*may* declare the rights and other legal relations of any interested party seeking such a declaration whether or not further relief is or could be sought.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting 28 U.S.C. § 2201(a)) (emphasis added). "This power has consistently been considered discretionary." Id. (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942); Wilton, 515 U.S. at 289; Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937)).

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Wilton, 515 U.S. at 288.

> The Fourth Circuit has explained that a declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and

settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Quarles, 92 F.2d at 325 (quoting Edwin M. Borchard, Declaratory Judgments 107–09 (1934)). It should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." Quarles, 92 F.2d at 325. The Supreme Court explained that, when a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy "can better be settled in the proceeding pending in the state court." [Brillhart, 316 U.S. at 495]. This consideration should be guided by a number of factors, including the nature and scope of the state proceeding and "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding. . . ." Id.; see also Mitcheson v. Harris, 955 F.2d 235 (4th Cir.1992).

Guided by these general principles—as well as "the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts"—the Fourth Circuit has set forth a number of specific factors for district courts to consider. [Nautilus, 15 F.3d at 376]. These include:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ](iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"[; and (iv) ] whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

Id. at 377.

Poston, 88 F.3d at 256-57.

As stated by the undersigned at the conclusion of the motions hearing, consideration of the Nautilus factors weighs heavily in favor of dismissing plaintiff's declaratory judgment action. First, the State of South Carolina has an overwhelming

3

interest in having its courts decide issues related to insurance coverage because those issues are governed purely by South Carolina law.  For the same reason, and with regard to the second factor, the issue raised in the instant federal declaratory judgment action can be more efficiently resolved in the state court where the action is pending.  Third, the undersigned cannot imagine an issue creating more federal and state court "entanglement" than the determination of what constitutes "an occurrence" in a CGL policy under South Carolina law.[2]  That issue has perplexed both South Carolina state and federal courts for decades.  Fourth, and in plaintiff's favor, the court does not find that plaintiff asserted its federal declaratory judgment action for the purpose of "procedural fencing."  In sum, three of the four Nautilus factors clearly weigh in favor of the court declining to declare the parties' rights in this case and granting dismissal.  Accordingly, the court **GRANTS** defendants' motions to dismiss.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]This court ventured into this issue in Bituminous Casualty Corp. v. R.C. Altman Builders, Inc., No. 2:01-4267-DCN, 2006 WL 2137233 (D.S.C. July 28, 2006), wherein it wrote in a preamble, "Abandon hope, all ye who enter here," prior to issuing its opinion. After receiving a joint motion to remand the case in light of Auto Owners Insurance Co. v. Newman, 684 S.E.2d 541 (S.C. 2009), the Fourth Circuit issued an order vacating this court's judgment and remanding the case for further consideration consistent with Newman.  Having disregarded Dante's warning one time, the court declines to re-enter this debate.  There is no education in the second kick of a mule.

**August 29, 2011**
**Charleston, South Carolina**